UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DAMIAN ANTONIO MURPHY, | ) | |
| Petitioner, | ) ) | Civil Action No. 6:18-CV-168-CHB |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Damian Antonio Murphy is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Murphy filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] For the reasons set forth below, the Court will deny Murphy's petition.

In 2007, a jury convicted Murphy of conspiracy to possess with the intent to distribute cocaine and hydromorphone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and possession of counterfeit currency, in violation of 18 U.S.C. § 472. *See United States v. Murphy*, No. 1:06-cr-062 (W.D. Va. 2007). The trial court then sentenced Murphy to a total term of 262 months in prison. *See Id.* at R. 182. Murphy filed a direct appeal, but the United States Court of Appeals for the Fourth Circuit affirmed the district court's judgment. *See United States v. Murphy*, 552 F.3d 405 (4th Cir. 2009). Murphy then unsuccessfully sought relief under 28 U.S.C. § 2255.

Murphy has now filed a § 2241 petition with this Court. [R. 1] Murphy argues, among other things, that (1) his "first attorney was purposely ineffective because she helped both prosecutors create a drug conspiracy from baking soda" [R. 1, at 5], and (2) he is "factually

innocent of a drug conspiracy and has suffered a grave miscarriage of justice" at least in part because, "[i]n the case at hand, two assistant U.S. Attorneys built a case from baking soda." [R. 1 at 7-9] Ultimately, Murphy asks the Court "to dismiss all counts of his indictment" because, according to Murphy, "he is actually innocent of a drug conspiracy and his grand jury transcripts, indictment, affidavit, criminal complaint, and warrant has been backdated to cover up this miscarriage by way of prosecutorial misconduct." [R. 1, at 1]

Murphy's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Murphy cannot use a § 2241 petition as a way of challenging his underlying convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). In this case, Murphy has not made such a showing. Instead, Murphy is simply trying to litigate arguments that

he either made or could have made on direct appeal and in his § 2255 motion. That is not proper in a § 2241 petition.

Accordingly, it is **ORDERED** that:

1. Murphy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This the 8th day of June, 2018.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY